UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARTHUR HOOKS,<br><br>    Plaintiff(s),<br><br>v.<br><br>STEPHANIE LALONDE, et al.,<br><br>    Defendant(s). | Case No. 2:22-cv-00028-RFB-NJK<br><br>**TRANSFER ORDER** |

Plaintiff brings this suit for relief related to his criminal prosecution in Colorado in El Paso County District Court. *See* Docket No. 1-1 at 8-11 (attaching motions filed in those cases).[1] In particular, Plaintiff filed a complaint against his Colorado-based public defender, a Colorado-based prosecutor, and the Colorado Springs Police Department. Docket No. 1-1 at 2.[2] Although the complaint alleges in conclusory terms that Plaintiff's case arises out of events in occurring in a number of states, including Nevada, he provides no factual allegations to support that assertion. *See id.* at 4. The Court has not located any allegations in Plaintiff's complaint related to Nevada. Instead, it appears the events on which Plaintiff's case is predicated are focused in Colorado Springs, Colorado.

The federal venue statute requires that a civil action be brought in (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim

---

[1] Plaintiff did not pay the filing fee or file an application to proceed *in forma pauperis*. The Court does not opine herein as to what action (if any) should be taken as to the filing fee, as that is a matter more properly considered by the transferee Court.

[2] Plaintiff also brings suit against former President Obama and an individual identified as a White House aide. *See id.*

occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). If a case has been filed in the wrong district, the district court in which the case has been incorrectly filed has the discretion to transfer such case to any district in which it could have been brought. 28 U.S.C. § 1406(a).

The record shows that Nevada is not a proper venue. First, no Defendant resides in Nevada. *See* Docket No. 1-1 at 2. Second, the complaint provides no connection to this District with respect to the events alleged, which occurred in Colorado. Hence, none of the statutory provisions renders this District a proper venue for this case.[3]

Accordingly, it is hereby **ORDERED** that the Clerk of Court transfer this matter to the District of Colorado and that this case be closed.[4]

IT IS SO ORDERED.

Dated: January 11, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] Plaintiff appears to acknowledge that Nevada is an improper venue, but he seeks to litigate here because he does not want to have his case decided in Colorado. *See* Docket No. 1-1 at 5 ("The plaintiff would like the case reviewed by another jurisdiction"). The Court is not persuaded that such a preference suffices to overcome the statutory venue requirements.

[4] An order transferring a case to another venue does not address the merits of the case and, therefore, is a nondispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1241 (S.D. Cal. 2013) (collecting cases); *see also Ross v. Lane Community College*, 2014 WL 3783942, *4 (D. Nev. July 31, 2014) (holding that a transfer under 28 U.S.C. § 1406(a) is a nondispositive matter).